IN THE SUPREME COURT OF THE STATE OF DELAWARE

JAMES BIGGINS, §
§
   Defendant Below, § No. 324, 2022
   Appellant, §
§ Court Below: Superior Court
   v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 9609015504
§
   Appellee. §

Submitted: September 23, 2022
Decided: September 26, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

After consideration of the notice to show cause and the response, it appears to the Court that:

(1)   On September 8, 2022, the appellant, James Biggins, filed a notice of appeal from a Superior Court order dated August 10, 2022, which denied his motion for reconsideration of the court's May 19, 2022 order summarily dismissing a successive motion for postconviction relief as procedurally barred. Biggins also filed a motion to proceed *in forma pauperis*.

(2)   In 2011, this Court entered an order affirming the Superior Court's summary dismissal of Biggins's seventh motion for postconviction relief.[1] This

---

[1] *Biggins v. State*, No. 251, 2011, Docket Entry No. 9 (Del. July 11, 2011).

Court's July 2011 order also found that Biggins's numerous filings in this Court constituted "an abuse of the processes of the Court" and prohibited Biggins "from filing any further papers in this Court challenging his convictions in Cr. ID No. 9609015504 without prior approval of a Justice of this Court."[2]

(3) Following the receipt of the current notice of appeal, the Senior Court Clerk issued a notice identifying the July 2011 order prohibiting future filings in this matter without the prior approval of a Justice and directing Biggins to show cause why this appeal should not be dismissed because he failed to pay the required filing fee or to make the certifications that he is required to make under 10 *Del. C.* § 8803(e).

(4) On September 23, 2022, Biggins filed a document entitled "Motion for the Expansion of the Record," which appears to be a response to the notice to show cause. Biggins states that the Court has "asked the appellant to establish proof of proper in forma pauperis" and appears to seek an opportunity to provide the Court with copies of the records in previous cases.

(5) The request to expand the record is denied and the appeal is dismissed. Based on Biggins's numerous and repetitive filings, this Court has enjoined him from further filings without the prior approval of a Justice. Thus, in order to proceed, he must certify, among other things, that (i) the claims he seeks to litigate have never

---

[2] *Id.* at 3.

been raised or disposed of before in any court; (ii) he has made a diligent and good faith effort to determine what relevant case law controls the legal issues raised; and (iii) he has no reason to believe the claims are foreclosed by controlling law.[3] In his response to the notice to show cause, Biggins does not assert that he made the required certifications, nor does he provide any basis to conclude that he would be able truthfully to make such certifications in this appeal from the Superior Court's summary dismissal of another successive motion for postconviction relief. The appeal is therefore dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 3(b)(2) and 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[3] 10 *Del. C.* § 8803(e)(1), (3), (4).